HELENE N. WHITE, Circuit Judge,
dissenting in part, concurring in part.
I concur in the majority opinion except with regard to the June 16th statement. I would grant habeas relief as to this statement as well.
I agree with the majority that when Simpson made the statement, “Mmmmmmmm. I ain’t done — nah—I messed up last time I did that,” giving two variations of the word “no,” along with accompanying negative body language, and then followed up with the statement that “it [couldn’t] help,” he unequivocally invoked his Miranda rights.[1] I do not agree, however, *446 that it was permissible for the officers to later “eircle[ ] back to the Miranda issue.” (Opinion at 431.)
The majority bases its conclusion on three rationales: 1) Miranda rights only apply to interrogation, and here the officers did not ask Simpson any “material questions” until they “revisited” whether he wished to waive his Miranda rights, after which Simpson consented; 2) an officer may follow up with “clarifying questions” after an invocation of rights is ambiguous, see Davis v. United States, 512 U.S. 452, 461, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); and 3) a suspect’s voluntary, unsolicited statements after an invocation of Miranda rights need not be excluded, see Edwards v. Arizona, 451 U.S. 477, 486 n. 9, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). I disagree. Because Simpson’s invocation of his right to remain silent (or more precisely, his declination of the invitation to waive the right) was unequivocal, I find Davis distinguishable and Smith v. Illinois, 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984), controlling, and conclude that the continued questioning after Simpson’s invocation of his rights was unconstitutional.
Although Davis holds that police may constitutionally pose clarifying questions after an equivocal or ambiguous invocation of rights, Smith makes clear that where the invocation is not ambiguous, clarification is unnecessary and questioning must cease. Smith involved the following exchange: [2]
[Officer]: If you do want to talk to me I must advise you that whatever you say can and will be used against you in court. Do you understand that?
[Smith]: Yeah.
[Officer]: You have a right to consult with a lawyer and to have a lawyer present with you when you’re being questioned. Do you understand that?
[Smith]: Uh, yeah. I’d like to do that.
[Officer]: Okay.
[]
[Officer]: ... If you want a lawyer and you’re unable to pay for one a lawyer will be appointed to represent you free of cost, do you understand that?
[Smith]: Okay.
[Officer]: Do you wish to talk to me at this time without a lawyer being present?
[Smith]: Yeah and no, uh, I don’t know what’s what, really.
[Officer]: Well. You either have [to agree] to talk to me this time without a lawyer being present and if you do agree to talk with me without a lawyer being present you can stop at any time you want to.
[Smith]: All right. I’ll talk to you then.
See 469 U.S. at 93, 105 S.Ct. 490 (emphasis in original).
The Smith majority held that the unambiguous invocation could not be rendered ambiguous by continued questioning.
*447 The courts below were able to construe Smith’s request for counsel as “ambiguous” only by looking to Smith’s subsequent responses to continued police questioning and by concluding that, “considered in total,” Smith’s “statements ” were equivocal. 102 Ill.2d, at 373, 80 Ill.Dec., at .792, 466 N.E.2d, at 240 (emphasis added); see also 113 Ill. App.3d, at 310, 69 Ill.Dec., at 342, 447 N.E.2d, at 559. This line of analysis is unprecedented and untenable. As Justice Simon emphasized below, “[a] statement either is such an assertion [of the right to counsel] or it is not.” 102 Ill.2d, at 375, 80 Ill.Dec., at 789, 466 N.E.2d, at 241. Where nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease. In these circumstances, an accused’s subsequent statements are relevant only to the question whether the accused waived the right he had invoked. Invocation and waiver are entirely distinct inquiries, and the two must not be blurred by merging them together.
469 U.S. at 97-98, 105 S.Ct. 490 (footnote omitted) (emphasis in original). Although Smith was a narrow ruling, its limitations correspond to the instant circumstances:
Our decision is a narrow one. We do not decide the circumstances in which an accused’s request for counsel may be characterized as ambiguous or equivocal as a result of events preceding the request or of nuances inherent in the request itself, nor do we decide the consequences of such ambiguity or equivocation. We hold only that, under the clear logical force of settled precedent, an accused’s postrequest responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself. Such subsequent statements are relevant only to the distinct question of waiver.
Id. at 99-100, 105 S.Ct. 490. It is not contended that events or nuances preceding Simpson’s initial refusal to waive his rights rendered the refusal equivocal. Because Simpson’s refusal was unequivocal, like Smith’s and unlike Davis’, there was no ambiguity necessitating clarifying questions, and Simpson’s subsequent responses cannot retrospectively render his earlier invocation equivocal.
Smith also makes clear that it is irrelevant whether further questioning seeks “clarifying” or “material” information. The post-invocation-of-rights questions in Smith were also not “material.” In fact, the officer simply continued giving Smith his Miranda rights. Yet, the continued questions constituted impermissible “police-initiated custodial interrogation.” Smith, 469 U.S. at 98, 105 S.Ct. 490.
Lastly, I reject the notion that although Simpson initially invoked his rights, he moments later validly waived that invocation. Smith was decided three years after Edwards and did not view Smith’s subsequent responses as a waiver of his previously invoked right. Rather, the Smith Court reaffirmed the importance of Edwards’ prohibition of continued questioning:
An accused in custody, “having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him,” unless he validly waives his earlier request for the assistance of counsel. Edwards v. Arizona, 451 U.S., at 484-485, 101 S.Ct., at 1885. This “rigid” prophylactic rule, Fare v. Michael C., 442 U.S. 707, 719, 99 S.Ct. 2560, 2569, 61 L.Ed.2d 197 (1979), embodies two distinct inquiries. First, courts must determine whether the accused actually invoked his right to counsel. See, e.g., Edwards v. Arizona, supra, 451 U.S., at *448 484-485, 101 S.Ct., at 1884-1885 (whether accused “expressed his desire” for, or “clearly asserted” his right to, the assistance of counsel); Miranda v. Arizona, 384 U.S., at 444-445, 86 S.Ct., at 1612 (whether accused “indicate[d] in any manner and at any stage of the process that he wish[ed] to consult with an attorney before speaking”). Second, if the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked. Edwards v. Arizona, supra, 451 U.S., at 485, 486, n. 9, 101 S.Ct., at 1885, n. 9.
469 U.S. at 94-95, 105 S.Ct. 490 (footnote omitted). In stressing the distinction between the questions whether the right was invoked and whether it was subsequently waived, the Court explained:
The importance of keeping the two inquiries distinct is manifest. Edwards set forth a “bright-line rule” that all questioning must cease after an accused requests counsel. Solem v. Stumes, 465 U.S. 638, 646, 104 S.Ct. 1338, 1343, 79 L.Ed.2d 579 (1984). In the absence of such a bright-line prohibition, the authorities through “badgerfing]” or “overreaching” — explicit or subtle, deliberate or unintentional — might otherwise wear down the accused and persuade him to incriminate himself notwithstanding his earlier request for counsel’s assistance. Oregon v. Bradshaw, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983); Fare v. Michael C., 442 U.S., at 719, 99 S.Ct., at 2568. With respect to the waiver inquiry, we accordingly have emphasized that a valid waiver “cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation.” Edwards v. Arizona, 451 U.S., at 484, 101 S.Ct., at 1885.
Id. at 98-99, 105 S.Ct. 490; see also White v. Finkbeiner, 611 F.2d 186, 193 (7th Cir.1979) (vacated on other grounds) (“Courts have viewed a waiver which follows soon after the initial request as suspect.”).[3]
Simpson’s responses to subsequent questioning did not constitute a knowing and intelligent waiver of his previously invoked right to remain silent, and it cannot fairly be said that he “initiated further discussions with the police” after questioning had ceased in response to his invoking his rights.
The writ should be granted with respect to all four statements.

. The relevant exchange on June 16th took place over the course of about six minutes:
Officer: You willing to waive your rights, and continue talking to us?
Simpson: Mmmm-mmmm. I ain’t done— nah — I messed up last time I did that, (with dismissive wave of his hand and slight shake of his head)
Officer: So, you don’t want to talk to us? You do or don’t want to talk to us?
Simpson: I mean ... it can’t help ...
Officer: ... mmm-hmm ...
Simpson: you know what I mean ... (silence)
*446 Officer: Well, it’s up to you, whatever you want to talk to us or not. We’re not going to twist your arm or anything like that.
Simpson: What y'all want to talk about? Officer: Just basically what we’re talking about now.
The conversation continued, and a few minutes later the Officer asked: "So, are you gonna talk to us about any of this or not?” Simpson responded "I guess” and eventually signed a waiver form.

. It makes no difference that Smith concerned a request for counsel and this case involves the right to remain silent. See Berghuis v. Thompkins, 560 U.S.-, 130 S.Ct. 2250, 2260, — L.Ed.2d-(2010) (standard the same for determining when a defendant has invoked right to remain silent and when a defendant has invoked right to counsel at issue in Davis).

. White, a pre-Edwards case that concluded that Miranda did not prohibit authorities from initiating renewed questioning after the suspect requested an attorney, was of course vacated in light of Edwards. However, because the state must show that a waiver was knowing, intelligent, and voluntary in order to be valid, Maryland v. Shatzer,-U.S.-, 130 S.Ct. 1213, 1219, - L.Ed.2d - (2010), the White court’s observation that a waiver immediately following an attorney request is suspicious remains an intuitive and logical point.